**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Ramonde D Williams and Shonda F De Vasher-Williams, | ) | Case No. 25 B 05206 |
| | ) | |
| | ) | |
| Debtors. | ) | Hon. Michael B. Slade |
| | ) | |

**MEMORANDUM OPINION SUSTAINING DEBTORS' OBJECTION TO CLAIM 19**

The Debtors objected to proof of claim No. 19 (the "Claim") filed by Maushea Hunter (Dkt. No. 18).  Ms. Hunter (*pro se*) filed a response (Dkt. No. 21) and the Debtors filed a reply (Dkt. No. 22).  Although I recognize the inequity of this result, I am required by the Bankruptcy Code and Bankruptcy Rules to sustain the Debtors' objection.  The Claim is thus disallowed. But I encourage the Advisory Committee on Bankruptcy Rules to revisit whether Bankruptcy Rules 3003(b)(1) and 3003(c)(2) should also be applicable in chapter 13, given the unjustified injury that can result from creditors holding undisputed, non-contingent, liquidated, scheduled claims in chapter 13 cases not being afforded the same consideration as similarly situated creditors in chapter 9 and 11 cases.

I.

On February 11, 2025, Ms. Hunter obtained a judgment for $38,120.00 in an eviction case against the Debtors in the Circuit Court of Cook County, Case No. 2024-M6-4306.  (Claim at 4) The judgment order was signed by both Debtors.  (*Id.*)  On April 4, 2025, the Debtors filed a voluntary petition for relief under chapter 13, and listed the $38,120.00 judgment owed to Ms. Hunter in Schedule E/F attached to their petition.  (Dkt. No. 1 at PDF p. 36)  The scheduled claim was not marked as contingent, unliquidated, or disputed.  (*Id.*)

1

On April 7, 2025, the Clerk of Court docketed the Notice of Chapter 13 Bankruptcy Case, which lists (among other things) the bar date (*i.e.*, the deadline by which a proof of claim must be filed) applicable to non-governmental creditors in the case. (Dkt. No. 9) On April 9, 2025, the Bankruptcy Noticing Center sent copies of that Notice via first class mail to Ms. Hunter at the two addresses listed for her on the creditor matrix supplied by the Debtors: "634 Merrill Ave, Calumet City, Illinois 60409-3801" and "Oshana Law, c/o Maushea Hunter, 20 N Clark Street Suite 3000, Chicago, IL 60602-5094." (Dkt. No. 10, at p. 3)

On May 20, 2025, I confirmed the Debtors' proposed chapter 13 plan. (Dkt. Nos. 8, 15) The plan had been filed contemporaneously with the petition and promised 100% satisfaction of non-priority unsecured claims with payments totaling $77,716.00. (Dkt. No. 8 § 5.1) That number is identical to the total given for non-priority unsecured claims in Part 4 of the Debtors' Schedule E/F, which included Ms. Hunter's Claim. (Dkt. No. 1 at PDF p. 41) Essentially, the Debtors proposed to pay unsecured creditors in full, over time.

The non-governmental bar date passed on June 13, 2025. On August 5, 2025, the Clerk of the Court filed Ms. Hunter's Claim on the claims register as proof of claim No. 19. The Debtors objected to the Claim on August 12, 2025, on two bases: that it was not timely filed and that it stated an incorrect amount. (Dkt. No. 18 ¶¶ 4–5) While the Claim originally listed the amount owed as $3,812,000.00, Ms. Hunter promptly amended the Claim to reflect the amount of the judgment, $38,120.00. (*See* Proof of Claim No. 19-2) Ms. Hunter confirmed on the record at the hearing on September 16, 2025 what seemed obvious to me—that error was a typo created by entering the decimal point in the wrong place when completing fillable Form 410. The bigger problem, however, is that the Claim is untimely.

II.

"A creditor <u>must</u> file a timely proof of claim to be paid under a chapter 13 plan.  To the surprise of many, even the 'excusable neglect' exception to this rule does not apply in chapter 13." *In re Petsch*, No. 16-01766, 2016 WL 11708102, at *1 (Bankr. M.D. Fla. Dec. 14, 2016) (emphasis in original); *see* 11 U.S.C. § 502(b)(9).  "The debtor's acknowledgment of debt owed to the creditor in a bankruptcy schedule does not relieve the creditor of this affirmative duty [to file a timely proof of claim]." *Spokane Law Enf't Fed. Credit Union v. Barker (In re Barker)*, 839 F.3d 1189, 1191–92 (9th Cir. 2016).  A claim filed after the bar date is "*statutorily barred*" if no exception in the rules applies.  *In re Greenig*, 152 F.3d 631, 633 (7th Cir. 1998) (emphasis in original).  "A debtor may object—and a court must disallow the claim—if the creditor's proof of claim is not timely filed." *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015).

Bankruptcy Rule 3002(c) sets a default bar date (70 days after the petition date in a chapter 13 case), but then enumerates seven exceptions.[1]  Bankruptcy Rule 9006(b)(3) makes clear that a Bankruptcy Court may enlarge the time to file a proof of claim "*only* to the extent and under the condition[s] stated in [Bankruptcy Rule 3002(c)]." *Greenig*, 152 F.3d at 634 (emphasis in original) (quoting an old version of Bankruptcy Rule 9006(b)(3)).

Bankruptcy Rule 3002(c)(7) identifies the only relevant scenario in which a chapter 13 creditor can obtain an extension to file a claim after the bar date:  they must file a motion for leave to file a late claim, and the bankruptcy court has discretion to grant it *only if* it "finds that the notice was insufficient to give the creditor a reasonable time to file" a timely claim.  Because no motion for leave to file a late claim is before me and the Claim was filed after the bar date, section 502(b)(9) of the Bankruptcy Code requires me to sustain the Debtors' objection.

---

[1] Bankruptcy Rule 3002(a) identifies the exceptions to the requirement that all creditors file a proof of claim as Bankruptcy Rules 1019(c), 3003, 3004, and 3005.  None of them apply here.

3

While Ms. Hunter is free to file a motion for relief under Bankruptcy Rule 3002(c)(7), she is unlikely to prevail because the record suggests that notice of the bar date was sufficient.

First, one of the addresses where the Notice was mailed (634 Merrill Ave) is the very address that Ms. Hunter chose to list on her proof of claim as the address where notices *should* be sent.  (Claim, Part 1, Question 3)  Ms. Hunter argues that she does not live at that address, and that the Notice was not passed along to her before the bar date.  But that is not enough to establish that notice was "insufficient" under the Rule.  Ms. Hunter has not explained how the Merrill Ave address could be appropriate for service in August (when Ms. Hunter submitted a proof of claim selecting it as the place to send notices), but not be sufficient for service four months earlier in April (when the Notice was mailed).

Second, Ms. Hunter acknowledges that service of the Notice also went to her counsel in the state court litigation against the Debtors, but does not address why such service would not itself be sufficient notice.  Any motion for relief under Bankruptcy Rule 3002(c)(7) would have to demonstrate that the service to Oshana Law was also insufficient to afford Ms. Hunter notice.  On the record before me now, I could not make a finding that notice to Oshana Law was insufficient to give Ms. Hunter a reasonable time to file her claim before the bar date.  And where none of the terms for extension in Bankruptcy Rule 3002(c) are met, the bankruptcy court "lacks discretion to enlarge the period of time for [a creditor] to file its proof of claim."  *Rafferty v. First Union Mortg. Corp.*, No. 97-CV-6763, 1998 WL 13584, at *5 (E.D. Pa. Jan. 9, 1998).[2]

---

[2]   Over the years creditors have offered creative arguments in an effort to resurrect claims not timely preserved, such as that including a debt on the schedules counts as a judicial admission, an informal proof of claim, or a proof of claim filed by the debtor under Rule 3004 (*see Barker*, 839 F.3d at 1195–98) or that a confirmed chapter 13 plan providing for treatment of the claim is an order of the bankruptcy court with res judicata effect that binds the debtor to the specified payment (*see Greenig*, 152 F.3d at 635).  These arguments have all been shot down by the Seventh or Ninth Circuits; I am both bound to apply the Seventh Circuit's most recent case law and persuaded that such arguments fail under the Bankruptcy Rules as currently written.

III.

The answer to the question presented by the Debtors' objection is clear under current law. I write not only to provide Ms. Hunter with a (hopefully) clear explanation of why her perfectly valid Claim is being disallowed, but because this result seems to me absurd.  The Debtors are getting a windfall on a technicality—over half of the sum of non-priority unsecured claims they *acknowledge they rightfully owe* is vanishing simply because a creditor missed a deadline (by only a few weeks) to file a proof of claim that would only serve to confirm she agrees with how her undisputed claim was scheduled.  This result would not occur if the Bankruptcy Rules simply applied to all chapters the eminently sensical provisions in Bankruptcy Rule 3003 that if a claim is scheduled by the debtor and not marked as disputed, contingent, or unliquidated, it is prima facie evidence of the claim and that a creditor is not required to file a proof of claim unless the creditor disagrees with how the claim was scheduled.  Fed. R. Bankr. P. 3003(b)(1), (c)(2).

Lending credence to my conclusion that the result required here is unjust, courts across the country have struggled with similar scenarios for decades—including the Seventh Circuit, whose case law on whether untimely claims can be allowed on equity principles was historically mixed.  In 1984, that court reversed the allowance of a late claim where the tardiness was due to counsel's error, describing the proof of claim deadline as "mandatory and immutable" like a statute of limitations.  *Wilkens v. Simon Bros., Inc.*, 731 F.2d 462, 464–65 (7th Cir. 1984).  But it left open the possibility that a bankruptcy court could use its equitable powers "in limited circumstances to prevent an unfair result which arises through no fault of the party seeking equity."  *Id.* at 464.  And seven years later, in *In re Unroe*, 937 F.2d 346 (7th Cir. 1991), the court invoked 11 U.S.C. § 105 to do just that, finding a basis under the facts there—even where the creditor's tardiness was its own fault—for a bankruptcy court to use its "equitable jurisdiction"

5

to allow an untimely claim, as in some circumstances doing so "does not conflict with, but rather fulfils, the statutory backdrop for bankruptcy proceedings." *Id.* at 349–50. But that option was short lived, as seven years later the court reversed course, holding in *Greenig* that "a bankruptcy judge is not vested with such equitable power" to "permit an entirely new claim filed out of time" and making "explicit . . . that an unexcepted late filing is barred." 152 F.3d at 635–36.[3]

Many courts have observed that these rules are particularly harsh on chapter 13 creditors. *E.g.*, *Petsch*, 2016 WL 11708102, at *2 (citing cases) ("Although the Bankruptcy Code and Rules allow some flexibility for late claims in chapter 11, virtually no such flexibility exists in chapter 13.") ("These rigid rules result in harsh outcomes for late-filing chapter 13 creditors. . . . Such results are dictated by the applicable statutes, rules, and policies, which all combine to limit the discretion to allow late claims in chapter 13 cases."). Some courts have attempted to explain the divergence in claim preservation rules between Code chapters. One offers that it is crucial for all unsecured creditors to file a proof of claim by a date certain so that parties can "determine the full extent of the debts and evaluate the efficacy of the plan." *Ledlin v. United States (In re Tomlan)*, 102 B.R. 790, 792 (E.D. Wash. 1989), *aff'd*, 907 F.2d 114 (9th Cir. 1990) (stating this

---

[3]   The Seventh Circuit intimated in *Greenig* that *Unroe* was a unique case that "deferred the question of whether a court has equitable powers to allow a late-filed proof of claim outside the exceptions contained in Rule 3002(c)" because the creditor there, the IRS, was trying to amend a timely claim and thus the late claim was not "entirely new." *Greenig*, 152 F.3d at 635. But that distinction does not entirely satisfy. The court explicitly held in *Unroe* that the IRS's post-bar date amendments were inappropriate because they attempted to add new claims that did not have a sufficient nexus to the original timely claim. *Unroe*, 937 F.2d at 349 ("Did the district court err in finding the requisite nexus between the 1982 and 1983 claims? We believe it did. The IRS's position would permit the Service to file a claim for one tax year, and then, after the bar date, 'amend' by right the claim to include any number of additional tax years. This would defeat the bankruptcy law's purpose of affording the debtor, trustee and court timely notice of claims. Separate years imply separate tax claims under Bankr. R. 7015. Examples of amendments permitted under Bankr. R. 7015 would include correcting the amount of tax, penalties or interest claimed in a timely filed claim. Fed. R. Civ. P. 15(c) therefore does not rescue the tardy 1983 claim."). The *Unroe* court permitted the IRS to add in the additional tax claims on entirely equitable grounds. *Id.* at 349–50 ("The bankruptcy court below therefore properly considered equitable matters outside the scope of the test of Fed. R. Civ. P. 15(c) in deciding to permit the late-filed claim as an 'amendment.'"). That the claim was allowed to be tacked onto a timely filed proof of claim, rather than docketed as a separate claim, does not change the fact that the claim was in fact late-filed and outside the exceptions of Rule 3002(c).

is essential to serve the purpose of chapter 13, which is "a flexible vehicle for the repayment of part or all *of the allowed claims* of the debtor" (*quoting* S. Rep. No. 95–989, at 141 (1978), p. 141, reprinted in 1978 U.S.C.C.A.N. 5787, 5927 (emphasis added in *Tomlan*)).  But that argument is unpersuasive.  If knowing the total amount of debt was so essential to evaluating the plan that we're prepared to vaporize valid claims to obtain that finality, we wouldn't routinely confirm chapter 13 plans prior to the bar date passing, yet we do—and as I did here.[4]  In another case, the Ninth Circuit invoked the policy and administrative considerations that justify bar dates generally to justify strict enforcement.  *Barker*, 839 F.3d at 1198 (a debtor "will not get the 'fresh start' she seeks if creditors are continually allowed to add additional claims far after the deadline to file has expired.").  But I disagree that these sorts of concerns apply where (as here) a claim was *scheduled* prior to plan confirmation and the chapter 13 creditor is seeking allowance of the claim exactly as scheduled.  Allowing Ms. Hunter's claim here would merely bind the Debtors to the exact terms of a plan that they proposed, no party objected to, and I confirmed.

So if I had authority to equitably enlarge Ms. Hunter's deadline to file her Claim, I would. If any scenario called for allowing a late proof of claim in a chapter 13 case where the creditor was sufficiently noticed yet made a mistake leading to an untimely claim, it's this one. Ms. Hunter has a final judgment entered by a state court—one which the Debtors personally signed.  While her proof of claim was filed late, it (as amended) matches the claim that the

---

[4]   The structure of Chapter 13 actually *encourages* bankruptcy courts to confirm chapter 13 plans before the bar date passes.  *See* 8 COLLIER ON BANKRUPTCY ¶ 1324.02 (16th 2025) ("Under section 1324(b), courts are not able to schedule the initial confirmation hearing after the claims deadline.").  While the default bar date is 70 days after the petition date (Fed. R. Bankr. P. 3002(c)), the confirmation hearing must be scheduled for between 20 and 45 days after the section 341(a) meeting is held (11 U.S.C. § 1324(b)), which in turn must be held between 21 and 50 days after the petition date (Fed. R. Bankr. P. 2003(a)(1)(c)).  In a case where, as here, there are no objections to the plan, the 341(a) meeting concluded on the first day it was held, and the Chapter 13 Trustee recommends confirmation, confirmation can happen in as little as 41 days after the petition date—a full month before the bar date.  In fact, section 1324 provides that a court can hold confirmation even *earlier* if it would be in the best interests of creditors and the estate.  11 U.S.C. § 1324(b).

Debtors had scheduled, so neither the Debtors nor any creditors can claim surprise or prejudice if it is paid. And the Debtors' confirmed plan, which provides a 100% recovery to general unsecured claims, assumed Ms. Hunter's claim would be paid.

Moreover, since filing her proof of claim, Ms. Hunter has actively pursued it *pro se*; while (as described above) her initial claim contained a significant typo, she corrected it promptly. So the result of disallowing Ms. Hunter's claim is a clear windfall to the Debtors—they simply get away with not paying, and are discharged from, a legitimate claim. I can think of no reason this scenario should result in different outcomes solely because of the chapter under which a debtor pursues his plan. Are chapter 9 and 11 creditors more worthy of being excused from filing redundant paperwork than chapter 13 creditors? Ms. Hunter's *pro se* status suggests that her being stripped of her right to payment of the $38,120 she is owed could be a real hardship. She received due process, but the bankruptcy policies of a fresh start and an orderly administration of claims do not warrant *this* outcome in *these* circumstances.

All that said, rules are rules. The Bankruptcy Code and Rules, when read together, are clear: chapter 13 creditors must file timely proofs of claim to receive a recovery under the plan and avoid discharge of their unsecured claims, even if their claims are disclosed in the schedules and provided for in the plan. Because chapter 13 cases are not covered by Rule 3003, I cannot apply that Rule here. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration in original)); *INS v. Pangilinan,* 486 U.S. 875, 883 (1988) ("[C]ourts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law."); *Greenig*, 152 F.3d at 635 ("[A] bankruptcy court 'cannot use

8

its equitable power to circumvent the law.'" (quoting *Carlson v. United States (In re Carlson)*, 126 F.3d 915, 920 (7th Cir.1997))). And the Supreme Court has rejected the sort of roving equity jurisdiction deployed in *Unroe* (*see, e.g.*, *Law v. Siegel*, 571 U.S. 415, 427–28 (2014))—as has the Seventh Circuit, repeatedly, in the decades since. *See, e.g.*, *Vill. of Rosemont v. Jaffe*, 482 F.3d 926, 935 (7th Cir. 2007) ("[S]ection 105(a) affords bankruptcy courts considerably less discretion than first meets the eye, and in no sense constitutes a roving commission to do equity."); *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004) ("[T]he power conferred by § 105(a) is one to implement rather than override."). The Seventh Circuit's most recent pronouncement, when applying a similar bankruptcy rule creating a deadline, is crystal clear: "Courts lack an 'equitable' power to contradict the bankruptcy statutes and rules." *Netzer v. Off. of Law. Regul.*, 851 F.3d 647, 649 (7th Cir. 2017). As discussed above, the Bankruptcy Rules should be amended, but until and unless they are, I must (and will) apply them as written.

One of my colleagues put it well when he observed that a judge's job sometimes requires resisting the temptation in cases presenting sympathetic facts "to craft an equitable solution when the statute appears to fall short." *In re Concepts Am., Inc.*, 625 B.R. 881, 893 (Bankr. N.D. Ill. 2021) ("Bankruptcy courts are not charged with a roving commission to act in the name of equity when presented with a sympathetic set of facts."). This is one of those cases.

IV.

For the reasons stated above, the Debtors' objection to Ms. Hunter's proof of claim is sustained and the claim is disallowed. I will enter an order consistent with this Opinion.

Signed:  November 3, 2025          By:  _____

                                        MICHAEL B. SLADE
                                  UNITED STATES BANKRUPTCY JUDGE